IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne D. Campbell,                                           Case No. 3:05CV07045

           Plaintiff,

v.                                                             ORDER

Woodard Photographic, Inc., *et al.*,

           Defendants.

This is an employment case. Dwayne Campbell contends Woodard Photographic, Inc. (WPI), Marc Woodard, Roger Wilburn, Corporate Intelligence Consultants, Inc. (CIC), and Paul Johnson used unlawful means to investigate a theft at one of WPI's locations, and wrongfully terminated him as result of that investigation.

Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1367.

Pending are defendants' motions for summary judgment. For the following reasons, those motions will be granted in part and denied in part.

**Background**

Woodard and Wilburn own WPI, a photography business in Northwest Ohio. The company employed Campbell as a production manager at its Bellevue facility from April 3, 2001, to December 2, 2004. Throughout that term of employment, Campbell was an at-will employee.

In the late Summer of 2004, several thefts of cash, equipment, and other valuables occurred at WPI locations. On November 10, 2004, a "memory-mate envelope" containing $2,700 in cash, checks, and receivables disappeared from the Bellevue store.

Two days later, Woodard and Wilburn held a meeting with their employees to discuss that most recent theft. They informed the staff that WPI would conduct an investigation and mentioned the possibility of using polygraph examinations. The parties dispute what the defendants said precisely regarding those tests.

Immediately after that meeting, Woodard and Wilburn requested Campbell and two others, who, as did the plaintiff, had access to the missing envelope, to detail in writing their movements on November 10, 2004. Campbell complied, stating that he did not leave the premises during work hours that day.

Following the meeting, WPI retained CIC, and its employee Johnson, to conduct an inquiry. CIC does not use polygraph tests during its investigations.

Johnson requested all WPI employees to complete questionnaires regarding the incident. In addition, Woodard examined key card entry logs which the company keeps to track employees' comings and goings.  From these records, he determined Campbell had left the premises for forty-three minutes on the day of the theft, in direct contradiction to Campbell's written statement. Campbell contends he left the office to purchase a pack of cigarettes and that his failure to include such in his written statement was an oversight.

Woodard claims he also discovered a printout detailing Campbell's recent eBay transactions, in the printer tray in Campbell's office. That document listed several items identical to equipment missing from WPI. Further, maintenance employees reported seeing Campbell outside an inventory room where WPI kept such items.

Because of that information, inconsistencies between Campbell's oral and written statements, and his conduct in the interviews, WPI decided to terminate Campbell.[1] Woodard, subsequently, contacted the Bellevue Police Department to inform it of the company's findings.

On December 6, 2004, Johnson interviewed Campbell one last time. At that meeting, he confronted Campbell about the eBay sales and informed him he was fired, effective immediately. Captain Mark Brooks of the Bellevue Police Department escorted Campbell from the building. Prior to leaving, Campbell asked to retrieve his personal items from his office, which Campbell claims included his computer and mp3 player. Captain Brooks informed Campbell he could voluntarily relinquish them or the police would get a search warrant for them. After a brief disagreement, Captain Brooks confiscated Campbell's personal items.[2]

## Discussion

Campbell contends WPI, Woodard and Wilburn, as owners of WPI, are liable for: 1) violations of the Employee Polygraph Protection Act, 29 U.S.C. §§ 2002(1), (3)(A) ("EPPA"); 2) wrongful discharge in violation of public policy; 3) invasion of privacy; and 4) intentional infliction of emotional distress. He also claims CIC and Johnson are liable for invasion of privacy and intentional infliction of emotional distress.

---

[1] WPI also contends it terminated Campbell because it discovered that he: 1) conducted significant personal business, including eBay business, on company time; 2) compromised WPI's computer system; 3) routinely falsified his time cards; and 4) used WPI's shipping materials and UPS account number to facilitate his eBay business without reimbursing the company. It argues, consequently, these are independent justifications for terminating Campbell. Because his unlawful discharge claim fails for other reasons, I do not address these alternative justifications.

[2] Campbell has submitted an affidavit that contradicts some of the facts included in this account. That document, however, contradicts his earlier deposition testimony and shall not be considered. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002).

Defendants have moved for summary judgment on all claims. Campbell opposes that motion except with respect to the intentional infliction of emotional distress claim.

## A. The Employee Polygraph Protection Act

Under EPPA, an employer may not "directly or indirectly, require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test." 29 U.S.C. § 2002(1). An employer need not actually administer a polygraph test to be liable. *Polkey v. Transetecs Corp.*, 404 F.3d 1264, 1267-68 (11th Cir. 2005).

Here, Campbell submitted the deposition testimony of Kathleen Ordway, an employee present at the November 12, 2006, meeting. She stated Woodard told his employees at the meeting, "[t]hat everyone would have to take a polygraph." That testimony tracks the statute's language and Campbell, therefore, has made out a prima facie case on this claim. 29 U.S.C. § 2002(1); *see also Lyle v. Mercy Hosp. Anderson*, 876 F. Supp. 157, 159-60 (S.D. Ohio 1995) (summary judgment inappropriate where hospital administrator asked employee if she would be willing to take a polygraph test, even though employer never administered it).

Defendants respond that any potential use of polygraph tests occurred during an investigation, which the statute permits. 29 U.S.C. § 2006(d). That exception, however, requires the employer have a "reasonable suspicion," 29 U.S.C. § 2006(d)(3), which the applicable regulations define as, "an observable, articulable basis in fact which indicates that a particular employee was involved, or responsible for, an economic loss." 20 C.F.R. § 801.129(f)(1). Here, however, at the time of the meeting, defendants had no particularized suspicions whatsoever. They only focused on

Campbell later in the inquiry. Consequently, defendants may not avail themselves of the statutory exception and summary judgment is inappropriate for WPI and Woodard.[3]

## B. Wrongful Termination in Violation of Public Policy

Campbell also contends defendants fired him in violation of public policy, namely in contravention of EPPA.

To make out his case, Campbell must demonstrate: 1) a clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law; 2) dismissing employees under circumstances like those involved in his case would jeopardize the public policy; 3) his dismissal was motivated by conduct related to the public policy; and 4) the employer lacked overriding legitimate business justification for the dismissal. *Kulch v. Structural Fibers, Inc.*, 78 Ohio St. 3d 134, 151 (1997).

Here, plaintiff cannot satisfy the second element of this analysis. Where adequate remedies exist under the statute itself, there is no corresponding common-law action for wrongful discharge. *Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240, 244 (2002); *Jakischa v. Cent. Parcel Express*, 106 Fed.Appx. 436, 440 (6th Cir. 2004) (unpublished disposition). Remedies may be inadequate under a statute where punitive damages and a jury trial are unavailable. *Boyd v. Winton Hills Med. & Health Ctr.*, 13 Ohio App. 3d 150, 162 (Ohio App. 1999). However, the unavailability of punitive damages alone is insufficient. *Wiles*, Ohio St. 3d at 248.

---

[3] Campbell, however, has provided no evidence Wilburn made any statement whatsoever regarding the use of polygraphs. Consequently, summary judgment will be granted in his favor.

Here, EPPA provides for its own legal remedies. 29 U.S.C. § 2005(c)(1). As an action at law, that includes a right to a jury trial. *Curtis v. Loether*, 415 U.S. 189, 194-98 (1974). Consequently, Campbell cannot satisfy this element and summary judgment is appropriate.

### C. Invasion of Privacy

In support of his invasion of privacy claim, Campbell contends: 1) defendants improperly confiscated his personal items, his back medication in particular; and 2) WPI, and Woodard specifically, improperly obtained information concerning his eBay account.

To make out a *prima facie* case for invasion of privacy in these circumstances, Campbell must show the defendants intruded into his private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 313-14 (6th Cir. 1999).

First, Campbell has provided insufficient evidence to show any of the defendants confiscated his personal items. In contrast, the undisputed evidence demonstrates Captain Brooks of the Bellevue Police Department took possession of Campbell's belongings, not any of the defendants.

Second, Campbell contends defendants either improperly accessed his eBay account or searched his briefcase to obtain the summary of his eBay transactions.

Either possibility could be actionable. While Woodard stated he obtained the eBay summary from a printer tray in plain view, Campbell contends he did not print the document at the office. Should a jury believe Campbell over Woodard, it might reasonably conclude Woodard could only have gotten the document from Cambpell's briefcase or by accessing the eBay account himself. Because either could constitute invasion of privacy, summary judgment for WPI and Woodard is inappropriate. *Branan v. Mac Tools*, 2004 WL 2361568, *11 (Ohio App. 2001) (search of

employee's briefcase constituted invasion of privacy); *Matikas v. Univ. of Dayton*, 152 Ohio App. 3d 514, 524 (Ohio App. 2003) (employer accessing employee's private information on employer's computer is actionable); *see also Leventhal v. Knapek*, 266 F.3d 64, 73-74 (2d Cir. 2001) (employee had legitimate expectation of privacy in contents of office computer, but specifically noting absence of employer policy limiting scope of privacy in computer use).[4]

Campbell's claim, however, fails against Wilburn, Johnson, and CIC. Put simply, he provides no evidence any of these parties improperly accessed his personal eBay records. Thus, summary judgment will be granted in their favor on this claim.[5]

## Conclusion

---

[4] Further to *Leventhal*, Cambpell does not have an absolute expectation of privacy in records kept or accessed on his workplace computer, even if password protected. Should WPI demonstrate it advised its employees that their computer activities on the office system were monitored, then Cambell had no reasonable expectation of privacy in records he accessed through WPI's server. Consequently, even if Woodard had accessed Campbell's eBay account using a password he retrieved from monitoring internet activity at the office, Campbell's invasion of privacy claim would fail. *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001) (citations omitted) (no privacy interest where employer posted privacy disclaimer regarding computer files); *United States v. Thorn*, 375 F.3d 679, 683 (8th Cir. 2004) *rev'd on other grounds* (no reasonable expectation of privacy where employer's computer use policy stated employer audited use); *United States v. Angevine*, 281 F.3d 1130, 1134-35 (10th Cir. 2002) (no reasonable expectation of privacy where employer had express policy to monitor computer use); *United States v. Bailey*, 272 F. Supp. 2d 822, 824 (D.Neb. 2003) (no reasonable expectation of privacy where employer repeatedly warned employee his computer activities were subject to monitoring); *see also McLaren v. Microsoft Corp.*, 1999 WL 339015 (Tex. App. 1999) (workplace email stored under a private password but transmitted via employer's server negated any reasonable expectation of privacy). Thus, if WPI had a similar computer policy, the available inference a jury might draw, outlined *supra*, would no longer support liability here.

[5] To the extent Campbell contends his invasion of privacy claim is based upon defendants publicizing any health problems he may have had, as plaintiff has suggested in pleadings other than his response to defendants' summary judgment motions, that claim fails as well. Because Campbell regularly discussed his medical condition with other WPI employees, he cannot assert an invasion of privacy claim on that basis. *Contandino v. Tilow*, 68 Ohio App.3d 463, 470 (Ohio App. 1990) (no invasion of privacy claim where matters at issue are not private).

7

For the foregoing reasons, it is therefore

ORDERED THAT:

1) Defendants' motion for summary judgment on the EPPA claim shall be, and the same hereby is, granted with respect to defendant Wilburn and denied with respect to defendants WPI and Woodard;

2) Defendants' motion for summary judgment on the unlawful discharge claim shall be, and the same hereby is, granted with respect to all defendants;

3) Defendants' motion for summary judgment on the invasion of privacy claim shall be, and the same hereby is, granted with respect to defendants Wilburn, Johnson, and CIC, and denied with respect to defendants WPI and Woodard;

4) Defendants' unopposed motion for summary judgement on the intentional infliction of emotional distress claim shall be, and the same hereby is, granted with respect to all defendants.

So Ordered.

s/James G. Carr
James G. Carr
Chief Judge
